# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JESSICA LONGO METZGAR,
    Plaintiff

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,
    Defendant

No. 3:16-CV-1929

(Judge Nealon)

(Magistrate Judge Carlson)

FILED
SCRANTON
APR 21 2017
PER _____
DEPUTY CLERK

## MEMORANDUM

### Background

On September 21, 2016, Plaintiff, Jessica Longo Metzgar, filed a complaint seeking review of the Commissioner of the Social Security Administration's ("Commissioner") denial of her applications for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. (Doc. 1). On December 1, 2016, Defendant filed an Answer and Transcript. (Docs. 8 and 9). On January 11, 2017, Plaintiff filed a brief in support of her complaint. (Doc. 10). On February 9, 2017, Defendant filed a brief in opposition. (Doc. 11). On February 14, 2017, Plaintiff filed a reply brief. (Doc. 12). A Report and Recommendation ("R&R") was issued by United States Magistrate Judge Martin C. Carlson on March 29, 2017, recommending that the appeal be denied, the decision of the Commissioner be affirmed, and final judgment be

entered in favor of Defendant and against Plaintiff. (Doc. 14). On April 10, 2017, Plaintiff filed objections. (Doc. 15). On April 19, 2017, Defendant filed a response to the objections, (Doc. 16), and the matter is now ripe for review. Having reviewed the reasoning of the Magistrate Judge, the R&R will be adopted, the objections will be overruled, the appeal will be denied, the decision of the Commissioner will be affirmed, final judgment will be entered in favor of Defendant and against Plaintiff, and the Clerk of Court will be directed to close this matter.

## Standard of Review

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court") (citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process")). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which

2

objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

Upon review of the present appeal, it is concluded that the Magistrate Judge did not err in finding that substantial evidence supports the administrative law judge's ("ALJ") decision that Plaintiff was not disabled. The Magistrate Judge appropriately sets forth the standard for reviewing a Social Security appeal and the sequential evaluation process used by an administrative law judge to determine whether the claimant is disabled, which are adopted herein. (Doc. 14, pp. 9-17). The Magistrate Judge also thoroughly reviews the case background, medical

3

records, and the ALJ's decision, also adopted herein. (Doc. 14, pp. 1-9). Magistrate Judge Carlson then addresses Plaintiff's assertions, and determines that substantial evidence supports the ALJ's assessment and the related determinations made by the ALJ in the case. (Id. at pp. 18-23).

Plaintiff filed objections to the R&R on April 10, 2017. (Doc. 15). However, a review of the objections reveal they are all reiterations of arguments Plaintiff raised in his complaint and support brief that were already addressed in the R&R by Magistrate Judge Carlson. See (Doc. 10, pp. 5-15); (Doc. 14, pp. 18-23). Consequently, because Plaintiff is merely repeating arguments that were thoroughly addressed by the Magistrate Judge and is not making specific objections to the R&R, judicial economy[1] demands they be reviewed for clear error as opposed to de novo review. See Hutson v. Vaughn, 2004 WL 717178 (E.D. Pa. 2004) (overruling the objections after determining that petitioner's objections simply restated his prior contentions and that the Magistrate Judge properly reviewed the arguments in the Report and Recommendation), affirmed, 262 Fed. Appx. 474 (3d Cir. 2008). See also Cruz, 990 F. Supp. at 377 (In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also

---

[1]The United States District Court for the Middle District of Pennsylvania currently has approximately three-hundred and fifty (350) pending Social Security Disability Appeals.

4

seriously affects the integrity, fairness, or public reputation of judicial proceedings.).

After a review of the record and the R&R, it is determined that there is no clear error in the Magistrate Judge's conclusions and recommendations. As such, the R&R will be adopted, the objections will be overruled, the appeal will be denied, the decision of the Commissioner will be affirmed, judgment will be entered in favor of Defendant and against Plaintiff, and the Clerk of Court will be directed to close this matter.

A separate Order will be entered.

**Date:** April 20, 2017

/s/ William J. Nealon
**United States District Judge**